1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11
12   CONSTANTINE "DINO" SAKKIS          )   CASE NO. CV 08-00049 MMM (JCx)
                                        )
13            Plaintiff,                )
                                        )
14        vs.                           )   ORDER TO SHOW CAUSE WHY ACTION
                                        )   SHOULD NOT BE REMANDED FOR LACK
15   ARTISAN PICTURES, INC. and DOES 1- )   OF SUBJECT MATTER JURISDICTION
     20, inclusive,                     )
16                                      )
                                        )
17            Defendants.               )
                                        )
18                                      )
                                        )
19
            This action involves a contract dispute over revenue earned by the motion picture "Blue Hill
20
     Avenue" ("the Picture").  On December 1, 2007, plaintiff Dino Sakkis filed an action in Los Angeles
21
     Superior Court against defendant Artisan Pictures, Inc.  Sakkis sought (1) a declaratory judgment that
22
     all copyright infringement claims with respect to the music licenses in the Picture are time-barred, and
23
     (2) an order that Artisan pay monies due under the contract.  On January 4, 2008, Artisan removed the
24
     action to this court, invoking subject matter jurisdiction on the basis of plaintiff's copyright infringement
25
     claims.   On January 11, 2008, Artisan filed a motion to dismiss the action for failure to join
26
     indispensable parties under Rule 12(b)(7).  After consideration of this motion and the pleadings, the
27
     court concludes that it likely lacks subject matter jurisdiction and orders defendant to show cause why
28
     the action should not be remanded to state court.

## I.  FACTUAL BACKGROUND

On November 13, 2002, Cahoots Productions, Inc. entered into an "Acquisition of Rights Agreement" ("Agreement") with Artisan.[1]   Sometime thereafter, Cahoots executed a "Notice of Irrevocable Authority" ("Assignment") assigning its rights under the Agreement to Sakkis.[2]  The Assignment authorizes Artisan to pay $77,720 (the amount previously designated to be paid to Cahoots under the agreement) to Sakkis.[3] On December 17, 2003, Artisan executed a "Distributor's Acceptance" ("Acceptance"),which "acknowledges receipt of the [Assignment] and agrees that [Artisan] will pay directly to [Sakkis] the sums therein authorized to be paid."[4]  The Acceptance was signed by Artisan, Cahoots and Sakkis.[5]

In February 2004, Artisan informed Sakkis that the payment under the Agreement that had been assigned to him would not be made because allegations had been made by third parties ("Copyright Claimants") challenging the authenticity of the signatures on certain music licenses related to the Picture.[6]  These third party claimants contended that their copyrights in the music had been infringed

---

[1]Complaint, ¶ 3.  The terms of the Agreement are not described in the pleadings or the motion papers.  The court infers, however, that the Agreement concerned transferred the right to a portion of the proceeds of the Picture to Cahoots.  Absent further information, it does not appear that the Agreement involved the transfer of any intellectual property rights.

[2]*Id.*; *id.*, Exh. B (Assignment).

[3]See Assignment.

[4]Complaint, Exh. A (Acceptance).

[5]*Id.*

[6]Complaint, ¶ 4.  The complaint identifies two entities that alleged copyright infringement (T.Y. Johnson and Famous Music).  In a declaration attached to its motion to dismiss, Artisan identifies a third artist known as Gonzoe whom it asserts also alleged that he did not execute a license for the music used in the Picture.  (See Declaration of B. James Gladstone in Support of Defendant's Motion to Dismiss for Failure to Join Indispensable Parties ("Gladstone Decl."), ¶ 3.)  Sakkis has moved to strike the third paragraph of Gladstone's declaration, arguing that Gladstone does not have personal knowledge of the information asserted.  Because subject matter jurisdiction may not exist, the court declines to rule on the motion to strike.  The identity of the copyright claimants, and how many there are, is immaterial to the court's jurisdiction.

because the music was used in the Picture without authorization. Since February 2004, Artisan has been holding the funds due Sakkis under the Assignment, citing the fact that it may face legal liability as a result of the Copyright Claimants' putative infringement claims.[7] Sakkis notes that more than three years have passed since the Copyright Claimants informed Artisan of their possible infringement claims.[8] Because the statute of limitations on copyright infringement actions is three years, Sakkis seeks a declaration that the putative infringement actions would be time-barred and thus that Artisan has no further reason to hold the monies owed under the Assignment and must pay them to Sakkis.[9]

Neither the complaint nor the other pleadings and documents filed in this case contain any suggestion that Sakkis owns or claims to own any part of the copyrights that supposedly form the basis for Artisan's refusal to pay Sakkis under the Assignment. Sakkis is concerned with the copyright dispute only because Artisan has used the possibility of infringement actions as an excuse for not paying him monies owed under the Assignment. Stated differently, Sakkis seeks a declaration that any copyright infringement action would be time-barred only as a means of forcing payment under the Assignment. This can be seen from the fact that he seeks two declarations in his complaint – one that the limitations period on bringing infringement actions has run and a second that Artisan must pay him the monies he is owed. At root, then, Sakkis alleges a contract claim. The fact that he seek to compel performance by showing that Artisan's excuse for not paying is meritless does not change this fact.

## II. DISCUSSION

### A.   Legal Standard Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district

---

[7]Complaint, ¶ 5. Artisan's reason for failing to pay the funds to Sakkis is unclear. Artisan apparently contends there is a finite sum of money available to pay Sakkis and the copyright infringement plaintiffs, and that any monies paid to Sakkis will reduce the funds available to respond to any infringement action that is filed.

[8]*Id.*, ¶ 6.

[9]*Id.*, ¶ 9.

and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhard v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); 28 U.S.C. § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  Federal question jurisdiction is presumed to be absent unless defendants, as the parties seeking removal, show that plaintiffs have either alleged a federal claim (*American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)), a state cause of action that requires resolution of a substantial issue of federal law (*Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921)), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field (*Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968);  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

Since a defendant may remove a case under § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to

the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  The well-pleaded complaint rule makes plaintiff the "master of the claim." *Caterpillar*, 482 U.S. at 392.  Thus, where plaintiff can state claims under both federal and state law, he can prevent removal by ignoring the federal claim and alleging only state law claims.  *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

It is not enough for removal purposes that a federal question may arise in connection with a defense or counterclaim.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  See also *Metropolitan Life Ins. Co.*, 481 U.S. at 63.  Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

Federal courts have the duty to establish subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)).  Where a case has been removed, the court has power to remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  Thus, the court may – indeed must – remand a case *sua sponte* if it determines that it lacks subject matter jurisdiction.  See *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).

## B.    Whether the Court Has Subject Matter Jurisdiction

In its notice of removal, Artisan asserted that Sakkis sought declaratory relief under the Copyright Act and invoked the court's federal question jurisdiction under 28 U.S.C. § 1441(b).  "A

request for declaratory judgment does not provide an independent basis for federal jurisdiction." *Howard v. America Online Inc.*, 208 F.3d 741, 754 (9th Cir. 2000) (citing *Skelly Oil v. Phillips Petroleum Co.* 339 U.S. 667, 672 (1950)).  In declaratory relief actions, therefore, there must be a source of federal jurisdiction external to the Declaratory Judgment Act.  See *Skelly Oil*, 339 U.S. at 671 ("When concerned as we are with the power of the inferior federal courts to entertain litigation within the restricted area to which the Constitution and Acts of Congress confine them, 'jurisdiction' means the kinds of issues which give right of entrance to federal courts. Jurisdiction in this sense was not altered by the Declaratory Judgment Act").

Here, Artisan identifies the Copyright Act as the source of federal jurisdiction.  Copyright is "a creature of statute, and the only rights that exist under copyright law are those granted by statute." *Silvers v. Sony Pictures Entertainment,Inc.*, 402 F.3d 881, 883 (9th Cir. 2005).  "To be entitled to sue for copyright infringement, the plaintiff must be the 'legal or beneficial owner of an exclusive right under a copyright.'" *Id.* (quoting 17 U.S.C. § 501(b)).  This standard is reversed when a party brings an action for declaratory relief.  A party seeking a declaration regarding rights under the Copyright Act has standing to sue if he can show that he has a "'real and reasonable apprehension that he will be subject to liability'" under the Act. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989) (quoting a patent case, *Societe de Conditionement v. Hunter Engineering Co.*, 655 F.2d 938, 943 (9th Cir. 1981) and adopting the standard set out therein).

Based on Sakkis' allegations, the court concludes that he does not have standing to seek declaratory relief under the Copyright Act.  Sakkis does not allege that he owns the copyrights in question.  Nor does he assert that he has any "real and reasonable apprehension" that he will be subject to liability for copyright infringement.  In the absence of such a showing, he has no standing upon which to seek declaratory relief under the Copyright Act.[10]  To the extent that any copyright

---

[10]In *R. Ready Productions, Inc. v. Cantrell*, 85 F.Supp.2d 672 (S.D. Tex. 2000), the district court faced a similar question.  There, plaintiffs sought declaratory relief regarding the rights to certain advertising information.  Plaintiffs admitted that they had no ownership interest in a subset of the information, and the court noted that "it is clear that Plaintiffs lack standing to enforce the rights of any

1   dispute is relevant to Sakkis' claims in this action, that dispute is between the Copyright Claimants

2   and Artisan.[11]   The dispute affects Sakkis only because he believes that the Assignment is being

3   breached because of the claims of the Copyright Claimants.

4        Seen this way, it is clear that, to the extent that copyright infringement plays any role in the

5   dispute between Sakkis and Artisan, it is as a defense to Sakkis' underlying breach of contract

6   claim.[12]   As noted, a federal defense, no matter how central to resolution of a case, does not create

7   subject matter jurisdiction.   That Sakkis seeks declaratory relief does not change this fact.   See

8   *Franchise Tax Bd.*, 463 U.S. at 16 ("[I]f, but for the availability of the declaratory judgment

9   procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is

10  lacking" (internal quotation and citation omitted)); *Janakes v. U.S. Postal Svc.*, 768 F.2d 1091, 1093

11  (9th Cir. 1985) ("A declaratory judgment plaintiff may not assert a federal question in his complaint

12  if, but for the declaratory judgment procedure, that question would arise only as a federal defense

13  to a state law claim brought by the declaratory judgment defendant in state court").

14       Consequently, the court doubts that it has subject matter jurisdiction.   Without subject matter

15  jurisdiction, the court must remand the case to state court.[13]   The court therefore orders defendant

16

17  third party owners of such works." *Id.* at 695.

18       [11]It is this fact that led Artisan to file a motion to dismiss for failure to join indispensable parties.
19  Artisan contends that Sakkis must join the Copyright Claimants because otherwise their claims will be
    adjudicated in their absence.  Even if Sakkis joined these parties, however, he would not have standing
20  to seek declaratory relief under the Copyright Act.
21       Artisan also argues that other claimants to the monies at issue should be joined because there is
    a limited fund that could be depleted if it makes payments under the Assignment.  This claim raises only
22  issues of state law that are properly addressed in state court.

23       [12]It appears that Artisan first raised the copyright infringement issue by representing to Sakkis
    that it could not pay him under the Assignment because it feared liability.  (Complaint, ¶ 4.)
24

25       [13]To the extent that Sakkis seeks declaratory relief under the Copyright Act, a ruling that the
    court lacked subject matter jurisdiction to hear his claim would bar him from seeking any declaration
26  regarding possible copyright claims in state court as well.  Federal courts have exclusive jurisdiction
    over actions arising under the Copyright Act.  See 28 U.S.C. § 1338(a) ("jurisdiction shall be exclusive
27  of the courts of the states in patent, plant variety protection and copyright cases").  Thus, in addition to
    remanding the action to state court, the court would dismiss Sakkis' claim for declaratory relief under
28  the Copyright Act for lack of subject matter jurisdiction.  See *Dielsi v. Falk*, 916 F.Supp. 985, 994 (C.D.

to show cause, on or before **March 18, 2008,** why this action should not be remanded to state court for lack of subject matter jurisdiction.  Any pleading filed by defendant shall be **no longer than 10 pages**.

### III.  CONCLUSION

For the reasons stated, the court orders defendant parties to show cause on or before **March 18, 2008**, why this action should not be remanded to state court.  Pending resolution of the jurisdictional question, the court defers ruling on the pending motion to dismiss for failure to join necessary parties.

DATED: March 11, 2008

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

Cal. 1996) ("Because federal copyright law completely preempts Plaintiff's Fifth and Sixth Causes of Action, this case was properly removed to federal court.  However, after exercising its removal jurisdiction, the Court concludes that it must dismiss the claim for lack of subject matter jurisdiction under 17 U.S.C. § 411(a).  This appears paradoxical, but it is the only result that makes sense. If the Court simply remanded the copyright claim to state court for lack of subject matter jurisdiction, this order would be meaningless because under 28 U.S.C. § 1338, federal courts have exclusive jurisdiction over copyright claims").  The court notes, however, that in addition to seeking a declaration that "the statute of limitations has run on any and all copyright infringement claims with regard to the music licenses for the Picture," Sakkis also seeks a "declaration from the court that Artisan pay to Plaintiff all monies due and be held as required by the [Acceptance] under the [Assignment]."  (Complaint, Prayer for Relief, ¶ 2.)  This portion of his claim presents a contract question, and would be cognizable in state court.