# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-00049 MMM (JCx) | Date | May 12, 2008 |

| | |
|---|---|
| Title | *Sakkis v. Artisan Pictures, Inc. et al.* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**       **Order Remanding Case**

    This action involves a contract dispute over revenue earned by the motion picture "Blue Hill Avenue" ("the Picture"). On December 1, 2007, plaintiff Dino Sakkis filed an action in Los Angeles Superior Court against defendant Artisan Pictures, Inc. Sakkis sought (1) a declaratory judgment that all copyright infringement claims respecting music licenses associated with the Picture were time-barred, and (2) an order that Artisan pay monies due under the contract. On January 4, 2008, Artisan removed the action to this court, invoking subject matter jurisdiction on the basis of plaintiff's declaratory relief claims regarding copyright infringement. On January 11, 2008, Artisan filed a motion to dismiss the action for failure to join indispensable parties under Rule 12(b)(7).

    On March 11, 2008 the court issued an order to show cause why the matter should not be remanded for lack of subject matter jurisdiction. The court noted that the only possible ground for federal jurisdiction was Sakkis' request for a declaration that all copyright claims were time-barred. The court found that

> to the extent that copyright infringement plays any role in the dispute between Sakkis and Artisan, it is as a defense to Sakkis' underlying breach of contract claim. . . . [A] federal defense, no matter how central to resolution of a case, does not create subject matter jurisdiction. That Sakkis seeks declaratory relief does not change this fact. See *Franchise Tax Bd.* [*of State of Cal. v. Construction Laborers Vacation Trust for So.Cal.*, 463 U.S. 1, 16 (1983)] ("[I]f, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking" (internal quotation and citation omitted)); *Janakes v. U.S. Postal*

*Svc.*, 768 F.2d 1091, 1093 (9th Cir. 1985) ("A declaratory judgment plaintiff may not assert a federal question in his complaint if, but for the declaratory judgment procedure, that question would arise only as a federal defense to a state law claim brought by the declaratory judgment defendant in state court").[1]

The court directed the parties to file responses to the order to show cause, stating whether or not they opposed remand. Artisan responded that it did not oppose remand so long as the court dismiss Sakkis' claim for declaratory relief. Artisan maintains that, as long as Sakkis pursues this claim and seeks a positive statement regarding the copyrights of third parties, the claim gives rise to federal jurisdiction.

Sakkis disagrees. Sakkis adopts the court's interpretation that the declaratory relief claim "is in anticipation of a defense by defendant Artisan to Sakkis' California State law breach of contract claim."[2] He admits that he "makes no claims of any copyright ownership rights in the music licenses [ ] and is thus not making any claims under [the Copyright Act]."[3] Sakkis thus confirms that he does not have standing to bring a claim under the Copyright Act, but argues that his claim should not be dismissed because his only intention in bringing the declaratory relief claim was to state the "actual controversy relating to the rights and duties of the parties."[4] In Sakkis' view, the true controversy between the parties rests on "Artisan's defensive claim of putative liability from third-party copyright claimants."[5] In other words, while Sakkis does not challenge the court's conclusion that he lacks standing to bring a declaratory relief claim, he opposes dismissal of the claim in order to preserve the issue in the state court action.

As noted in the order to show cause, the court concludes that Sakkis does not have standing to seek a declaratory judgment regarding the status of third parties' copyright claims. For this reason, the court dismisses Sakkis' claim without prejudice. If, as Sakkis prosecutes his breach of contract claim in state court, Artisan raises third party copyright rights as a defense, Sakkis will then be free to assert that any copyright claims are time-barred,[6] and Artisan will bear the burden of showing why the third

---

[1] Order to Show Cause Re Jurisdiction, Docket No. 19 (March 11, 2008) at 7.

[2] Plaintiff's Response to Order to Show Cause ("Pl.'s Response") at 1.

[3] *Id.* at 3.

[4] *Id.* (quoting CAL. CODE. CIV. PROC. § 1060).

[5] *Id.*

[6] Notably, Artisan does not state that it intends to raise the copyright issue as a defense to Sakkis' breach of contract claim, and it may well be that the issue will *not* be raised in state court. Sakkis' only reason for seeking a declaration is to enforce the contract. Thus, if Artisan does not raise the third party copyrights as an obstacle to enforcement of the contract, the copyrights will be irrelevant. Given the uncertainty surrounding Artisan's intentions in that regard, there is no articulable justification for permitting Sakkis to proceed with the declaratory relief claim at this stage of the proceedings.

party copyrights excuse performance of the contract. Sakkis will be in no way prejudiced by waiting until Artisan makes the argument before engaging the issue.

For these reasons, and for the reasons stated in the order to show cause, the court dismisses Sakkis' declaratory relief cause of action for lack of standing. With that claim dismissed, the parties are in agreement that the case should be remanded to state court.[7] Consequently, the court directs the clerk to return the action forthwith to Los Angeles Superior Court.

---

[7] The parties essentially agree that the purpose of this action is to enforce the contract. This is an issue of state law and there is no independent source of federal jurisdiction.